IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARKEL JASON MCDANIEL, AIS#241071, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:23-cv-744-RAH-JTA ) |
| CHADWICK CRABTREE, *et al.*, | ) ) |
| Respondents. | ) |

# MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

Pending before the Court is Petitioner Markel Jason McDaniel's Petition for Writ of Habeas Corpus under 28 U.S.C § 2254 (doc. 1), filed on December 26, 2023. On May 6, 2024, Respondents filed an Answer, asserting that Petitioner's claims are time-barred. (Doc. 9 at 9.) Thereafter, McDaniel filed a Response (doc. 14) and the Respondents a reply (doc. 15). The petition is therefore ripe for review. Upon review, McDaniel's petition is time-barred and due to be dismissed with prejudice.

## II.     BACKGROUND

McDaniel was convicted of Robbery I and Burglary I in 2005 and was sentenced to 25 years. (Doc. 9 at 1–2.) McDaniel was granted parole on December 16, 2015. (*Id*. at 3.) On March 23, 2018, McDaniel was arrested by the Montgomery Police Department and was charged with Possession of Marijuana 1 and Certain Persons Forbidden to Carry a Firearm. (*Id*. at 4.) Thereafter, McDaniel's parole officer prepared a Report of Parole Violation. (*Id*.)

On June 4, 2018, McDaniel was again arrested, this time for suspected robbery. (*Id*. at 4–5.) The robbery arrest was included in a Supplemental Report of Parole Violation prepared by McDaniel's parole officer. (*Id*.; Doc. 14 at 2, ¶2.)

On July 17, 2018, after a hearing had been conducted on McDaniel's parole violations, the Alabama Board of Pardons and Paroles revoked McDaniel's parole and scheduled his next parole consideration for August 2021. (*Id*. at 6–8.) All three of the pending criminal charges ultimately were either no-billed or dismissed. (*See* Doc. 14 at 3, ¶6.)

On August 24, 2022, McDaniel filed a Petition for Writ of Certiorari with the Circuit Court of Montgomery County, Alabama. (*Id*. at 7.) McDaniel's petition was denied on March 28, 2023. (*Id*. at 8.) McDaniel then timely appealed to the Alabama Court of Criminal Appeals, which affirmed the lower court's denial on September 15, 2023. (*Id*. at 9.) McDaniel petitioned for certiorari review with the Alabama Supreme Court, but the petition was denied on December 8, 2023. (*Id*.)

Thereafter, McDaniel filed this petition in December of 2023. (*Id*.)

## III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A challenge to the revocation of a petitioner's parole, like other types of habeas petitions, is subject to the one-year statute of limitations contained in § 2244(d). *People v. Chatman*, 393 F.3d 1352, 1352–53 (11th Cir. 2004). Because there is no direct review for the revocation of a petitioner's parole, the limitation period begins to run as soon as parole is revoked. *Id*.

As McDaniels points out, McDaniel's parole was revoked on July 17, 2018, meaning he had until July 17, 2019 to timely file his petition. (*See* Doc. 9 at 10.) McDaniel filed the instant petition in December 2023, far outside the one-year time period permitted for bringing a habeas petition. So the question becomes whether any statutory or equitable tolling exemptions put a pause on McDaniel's running clock. Here, there are none.

As § 2244 establishes, the limitations period does not run during such time that a petitioner is pursuing "post-conviction or other collateral review." 28 U.S.C § 2244(d)(2). While McDaniel did file actions in state court challenging his detention and parole revocation, he did so in August 2022, roughly four years after his parole was revoked. Because the statute of limitations had already run by the time

McDaniel filed in state court, he may not use his state court actions as grounds for tolling. *See Brown v. Barrow*, 512 F.3d 1304, 1308 n.2 (11th Cir. 2008).

McDaniel also argues that he is entitled to equitable tolling. "[E]quitable tolling is an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen.*, 992 F.3d 1162, 1179 (11th Cir. 2021) (citations omitted). Specifically, equitable tolling is only available if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. A petitioner must support his allegation of equitable tolling in a manner that is "specific and not conclusory[,]" in order to meet his burden. *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citations omitted). A finding of equitable tolling "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with [the] limitations period.'" *Id*. (citations omitted). Further, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*.

McDaniel argues that he "could only file his petition once his alleged new offenses had been dismissed or disposed of . . . [, which] was beyond [his] control and unavoidable." (Doc. 14 at 2.) As Respondents correctly point out in their Answer, the resolution of McDaniel's pending state court cases, regardless of the outcome, could not have served as the sole basis for invalidating his parole revocation. *See, e.g., Gholston v. Jones*, 848 F.2d 1156, 1160 (11th Cir. 1988) (holding that the dismissal of an underlying offense was not sufficient, alone, to prevent a parole revocation); *Whitehead v. U.S. Parole Comm'n*, 755 F.2d 1536, 1537 (11th Cir. 1985).

Though the Court is sympathetic to McDaniel's circumstances, McDaniel should not have waited for the resolution of his state court cases, as his parole

revocation was not solely contingent upon them. The Supreme Court and the Eleventh Circuit have made clear that "*pro se* representation alone or procedural ignorance [has never been accepted as] an excuse for prolonged inattention when a statute's clear policy calls for promptness." *Johnson v. U.S.*, 544 U.S. 295 311 (2005) (holding that petitioner "fell far short of reasonable diligence in challenging [his] state conviction); *see also Rivers v. U.S.*, 416 F.3d 1319, 1323. Therefore, McDaniel is unable to show that he exuded reasonable diligence in challenging his detention, and therefore he is not entitled to equitable tolling on the grounds that he raises.

As explained, McDaniel's habeas relief is due to be denied, as his petition is time-barred. A certificate of appealability will not be issued. For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.* In light of the circumstance of this case, reasonable jurists would not find a denial of McDaniel's petition debatable.

Accordingly, and for good cause, it is **ORDERED** as follows:

(1)   Petitioner's § 2254 petition (doc. 1) is **DENIED** without an evidentiary hearing;

(2)   This case is **DISMISSED** with prejudice;

(3)   A certificate of appealability is **DENIED**; and

(4)   The Clerk of Court is **DIRECTED** to close the case.

**DONE** and **ORDERED** on this the 15th day of October 2025.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE